UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV10- 1112**

---------------------------------------------------------X

JIN HONG, YONG HUA DONG, XIUZHEN
GUO, and JIAMOU HONG,

**COMPLAINT**

Plaintiffs,

**JURY TRIAL DEMANDED**

-against-

**WEXLER, J.** Case No.:

THE COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT, POLICE
OFFICER MICHAEL PALAZZO, and POLICE
OFFICERS "JOHN DOE" #1-10, represent some
yet unknown and unidentified Police officers,

**TOMLINSON, M.J.**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 1 1 2010 ★
BROOKLYN OFFICE

Defendants.

---------------------------------------------------------X

Plaintiffs JIN HONG, YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG, by

and through their attorneys, SHARIFOV & RUSSELL, LLP, as and for their complaint herein,

hereby respectfully allege as follows:

**PRELIMINARY STATEMENT**

Plaintiffs JIN HONG, YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG

bring this action under 42 USC 1983 and 1988 and New York State law to redress Defendants'

violations of the rights and immunities secured to Plaintiff by the United States Constitution and

New York State law. On December 11, 2008, at about 10:45 p.m., the Plaintiff JIN HONG, who

resides with her husband, who is Plaintiff YONG HUA DONG, Mother, who is XIUZHEN

GUO, father, who is JIAMOU HONG, and twin four-year-old sons at 182 Village Road,

Manhasset, New York, looked outside her window and saw police lights. She went outside to

investigate and see if she could be of assistance, and was shocked to see a giant man running

toward her screaming obscenities who then lunged at her, grabbed her, handcuffed her, and

1

continued verbally assaulting her for several minutes. The assailant was Defendant MICHAEL

PALAZZO, who is a Nassau County Police officer and professional body builder, who had just

crashed his police cruiser into a tree that is in close proximity to the house, but obstructed from

sight by a fence and several trees. Defendant MICHAEL PALAZZO handcuffed Plaintiff JIN

HONG without any justification for doing so and then called for backup, claiming that a motorist

he was chasing had caused him to crash his police cruiser into a tree. Defendants JOHN DOES

#1-10, who are yet unknown and unidentified Nassau County Police Officers, arrived on the

scene and MICHAEL PALAZZO led them into Plaintiffs' home with his gun drawn, and without

a warrant, consent, or probable cause to do so. Thereafter, the Defendant Police Officers, led by

MICHAEL PALAZZO, entered the marital bedroom and woke Plaintiff YONG HUA DONG,

who was asleep with one of the couple's four-year-old twin sons, up at gunpoint and began

asking him many questions, including where his green card was and what clothes he was wearing

that day. The police searched the entire room and then moved onto the room where the Plaintiff

JIAMOU HONG was sleeping. Defendant MICHAEL PALAZZO pushed the door open and

began screaming loudly him, grabbed him by the shoulder, physically ripped him from his bed,

and then again yanked him into the hallway when he paused in an attempt to pick up from the

floor a shirt to wear. Defendant JOHN DOES #1-10 barged into the room where Plaintiff

XIUZHEN GUO was asleep with the other four-year-old boy. The JOHN DOE defendants,

along with MICHAEL PALAZZO, woke them up, and herded them to the hallway where the

Defendants forced the entire family, except JIN HONG who was still handcuffed outside, to wait

for over thirty minutes while they canvassed, searched, and ransacked every single room in the

house. Several of the JOHN DOE Defendants guarded the Plaintiffs and would not let them

move at all, despite repeated pleas from XIUZHEN GUO and JIAMOU HONG that they be

2

allowed to sit down to relieve the excruciating pain in their weak arthritic knees. The

Defendants confiscated the Plaintiffs' immigration papers and Plaintiff JIN HONG was forced to

wait outside handcuffed in the pouring rain until they finished the search. Defendant MICHAEL

PALAZZO and JOHN DOES #1-10 exited the house, placed Plaintiff JIN HONG in the police

cruiser and brought her to the Sixth Precinct. Defendant MICHAEL PALAZZO falsely charged

her with six violations of the Vehicle and Traffic Law ("VTL") and one misdemeanor Penal Law

violation, Unlawful Fleeing of a Police Officer in the Third Degree. The Plaintiff is completely

innocent of these charges and was kindly walking outside to offer help at the time she was

arrested. In the charges Defendant MICHAEL PALAZZO filed, he falsely claimed that he had

observed JIN HING driving a vehicle that was committing traffic infractions, and that when he

tried to stop her, she turned off her headlights and accelerated to a high rate of speed in an

attempt to flee the traffic stop. He claimed that he then apprehended JIN HONG, but did not

disclose his own car crash, or the aggressive search of the Plaintiffs' home. The Plaintiff, JIN

HONG was released on $500 police bail the following morning, and issued a desk appearance

ticket, only to be taken back into custody at arraignment when her bail was raised based on false

information provided to the District Attorney's Office by MICHAEL PALAZZO, who then

prepared two additional sets of false charges which he caused to be filed in court over the

following months. On June 15, 2009 all charges brought under the VTL were dismissed and

there is presently a pending motion seeking dismissal of the final count of Unlawfully Fleeing of

a Police Officer. Plaintiffs have all suffered extreme damages from this incident including

physical symptoms, extreme emotional distress, loss of employment opportunity, lost wages, and

seek redress for Defendants' violations of their civil and constitutional rights, and other torts

including assault, battery, false arrest, malicious prosecution, and intentional infliction of emotional distress, through this complaint.

## JURISDICTION

1. That this is a civil action, seeking compensatory damages, punitive damages, and attorney's fees.

2. That this action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth amendments to the Constitution of the United States.

3. That jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. That the Plaintiffs, invoking the pendent jurisdiction of this Court, also seeks monetary damages, both compensatory and punitive, as well as attorney's fees, for assault; battery; false arrest; malicious prosecution; and intentional infliction of emotional distress.

## VENUE

5. That venue for this action properly lies in the Eastern District of New York because the acts complained of herein occurred within this District.

## PARTIES

6. That at all times relevant hereto, Plaintiffs, JIN HONG, YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG, were and are natural persons, residing in the County of Nassau, State of New York.

7. Plaintiffs JIN HONG and YONG HUA DONG are United States Citizens, and Plaintiffs XIUZHEN GUO and JIAMOU HONG are legal permanent residents of the United States.

8. That Plaintiff JIN HONG was arrested in this case, and the police entered into her house where her husband, YONG HUA DONG, was sleeping with their young son.

4

9.    That XIUZHEN GUO is Plaintiff JIN HONG's mother and victimized by the Defendants in this case.

10.   That Plaintiff JIAMOU HONG is Plaintiff JIN HONG's father and was victimized by the Defendants in this case.

11.   That at all times relevant hereto, Defendant THE COUNTY OF NASSAU was and is a municipal corporation duly existing under, and operating by virtue of the laws of New York State.

12.   That at all times relevant hereto, Defendant THE COUNTY OF NASSAU was and is a municipal corporation doing business in the State of New York.

13.   That at all times relevant hereto, Defendant THE COUNTY OF NASSAU did and does operate, manage, maintain, and control Defendant NASSAU COUNTY POLICE DEPARTMENT in conducting its municipal function within the State of New York.

14.   That at all relevant times hereto, Defendant THE COUNTY OF NASSAU employed police officers to work as representatives of THE COUNTY OF NASSAU.

15.   That at all times relevant hereto, Defendant MICHAEL PALAZZO was and is a natural person employed as a police officer by the Defendant NASSAU COUNTY POLICE DEPARTMENT.

16.   That at all times relevant hereto, Defendants JOHN DOES #1-10, representing as yet unknown and identified police officers who participated in violating the Plaintiffs' civil and constitutional rights, and the Defendants' other tortuous acts against the Plaintiffs, were and are natural persons employed as police officers by the Defendant NASSAU COUNTY POLICE DEPARTMENT.

5

17.   That at all times relevant hereto the Defendant THE COUNTY OF NASSAU had a duty to ensure its servants, employees, and representatives conduct themselves in a manner so as not to intentionally, recklessly, wantonly, or negligently cause injuries to others including the Plaintiffs.

18.   That at all times relevant hereto the Defendant NASSAU COUNTY POLICE DEPARTMENT had a duty to ensure its servants, employees, and representatives conduct themselves in a manner so as not to intentionally, recklessly, wantonly, or negligently cause injuries to others including the Plaintiffs.

**FACTS**

19.   That on December 11, 2008, at approximately 10:45 p.m., Defendant MICHAEL PALAZZO was operating radio motor patrol vehicle number 639 (RMP 639), which is owned or leased by both Defendant NASSAU COUNTY POLICE DEPARTMENT and Defendant THE COUNTY OF NASSAU.

20.   That on December 11, 2008, at approximately 10:45 p.m., Defendant MICHAEL PALAZZO was on duty as a police officer, employed by the Defendant NASSAU COUNTY POLICE DEPARTMENT, which is managed by, controlled by, and exists under law by virtue of, Defendant THE COUNTY OF NASSAU.

21.   That on December 11, 2008, at approximately 10:45 p.m., Defendant MICHAEL PALAZZO operated RMP 639 in a careless, wonton, and negligent manner in the vicinity of 182 Village Drive, Manhasset, New York, and as a result of said conduct, was veered off the road crashing RMP 639 into a tree in the vicinity of 182 Village Drive, Manhasset, New York.

22.    That on December 11, 2008, at approximately 10:45 p.m., Defendant MICHAEL

PALAZZO was not engaged in a police pursuit of any vehicle at the time he crashed

RMP 639 into a tree in the vicinity of 182 Village Drive, Manhasset, New York.

23.    That on December 11, 2008, at approximately 10:45 p.m., the property located at 182

Village Drive, Manhasset, New York was completely obscured by a fence and trees from

the vantage point of the location where Defendant MICHAEL PALAZZO crashed RMP

639, making it impossible for Defendant PALAZZO to see anyone entering or exiting

182 Village Drive.

24.    That the Plaintiff JIN HONG and the Plaintiff YONG HUA DONG own the property

located at 182 Village Drive, Manhasset, New York.

25.    That on December 11, 2008, at approximately 10:45 p.m., neither Defendant MICHAEL

PALAZZO, nor Defendants JOHN DOES #1-10, nor Defendants NASSAU COUNTY

POLICE DEPARTMENT, nor THE COUNTY OF NASSAU, had consent or any other

lawful reason to enter the property located at 182 Village Drive, Manhasset, New York.

26.    That on December 11, 2008, at approximately 10:45 p.m., the Plaintiff JIN HONG was

present in the driveway of 182 Village Drive, Manhasset, New York.

27.    That on December 11, 2008, at approximately 10:45 p.m., neither the Plaintiff JIN

HONG, nor any person present at 182 Village Drive, Manhasset, New York, was recently

involved in, presently involved in, or about to be involved in, the commission of any

crime, offense, or any other activity in violation of any law.

28.    That on December 11, 2008, at approximately 10:45 p.m., Defendant MICHAEL

PALAZZO did not have probable cause, reasonable suspicion, or any other lawful basis

to believe that the Plaintiff JIN HONG, or anyone else present at 182 Village Drive,

Manhasset, New York, was recently involved in, presently involved in, or about to be involved in, the commission of any crime, offense, or any other activity in violation of any law.

29.     That on December 11, 2008, at approximately 10:50 p.m., Defendant MICHAEL PALAZZO, unlawfully and illegally entered the property of 182 Village Drive, Manhasset, New York and approached the Plaintiff JIN HONG by running toward her screaming obscenities.

30.     That on December 11, 2008, at approximately 10:50 p.m., Defendant MICHAEL PALAZZO screamed words to the effect of "you made me crash my car you stupid bitch," and failed to identify himself as a police officer to the Plaintiff JIN HONG.

31.     That on December 11, 2008, at approximately 10:50 p.m., Defendant MICHAEL PALAZZO intended to, and did in fact, cause the Plaintiff JIN HONG imminent apprehension of offensive or harmful bodily contact by running toward her in the middle of a dark rainy night screaming obscenities and without identifying himself as a police officer.

32.     That on December 11, 2008, at approximately 10:50 p.m., Defendant MICHAEL PALAZZO arrested the Plaintiff JIN HONG by grabbing her by the arms and shoulders and handcuffing her.

33.     That on December 11, 2008, at approximately 10:50 p.m., Defendant MICHAEL PALAZZO intended to, and did in fact, cause the Plaintiff JIN HONG to suffer offensive or harmful bodily contact when he grabbed her shoulder and arms and arrested her without identifying himself as a police officer and without any legal justification.

8

34.     That on December 11, 2008, at approximately 10:51 p.m., Defendant MICHAEL
PALAZZO did not have probable cause to arrest the Plaintiff JIN HONG for any offense.

35.     That on December 11, 2008, at approximately 10:51 p.m., Defendant MICHAEL
PALAZZO knew that he did not have probable cause to arrest the Plaintiff JIN HONG
for any offense.

36.     That on December 11, 2008, at approximately 10:51 p.m. the Plaintiff JIN HONG did not
provoke, resist, or consent to the illegal arrest of her effected by Defendant MICHAEL
PALAZZO.

37.     That on December 11, 2008 at approximately 10:51 p.m., Defendant MICHAEL
PALAZO intended to, and did in fact, confine Plaintiff JIN HONG when he arrested her
by grabbing and handcuffing her, and deprived Plaintiff JIN HONG of her liberty to
leave the scene.

38.     That on December 11, 2008 at approximately 10:51 p.m., Plaintiff JIN HONG was
conscious of the fact she was confined when Defendant MICHAEL PALZZO arrested
her.

39.     That on December 11, 2008 at approximately 10:51 p.m., the Plaintiff JIN HONG was
arrested by Defendant MICHAEL PALAZZO without probable cause, and the
confinement was not justifiable by any privilege.

40.     That on December 11, 2008, at approximately 10:51 p.m. Defendant MICHAEL
PALAZZO used greater force than was necessary in arresting the Plaintiff JIN HONG.

41.     That on December 11, 2008, at approximately 10:51 p.m., Defendant MICHAEL
PALAZZO did not observe the Plaintiff JIN HONG in possession of any weapon or
instrument capable of injuring him, Plaintiff JIN HONG did not in fact possess any such

weapon or instrument, and Plaintiff JIN HONG did not make any movements that would provide Defendant MICHAEL PALAZZO with reasonable suspicion she possessed any such weapon or instrument.

42. That on December 11, 2008, at approximately 10:51 p.m., Defendant MICHAEL PALAZZO falsely arrested the Plaintiff JIN HONG for the purpose of falsely accusing Plaintiff JIN HONG of causing the damage that Defendant MICHAEL PALAZZO caused to RMP 639 by crashing it into a tree.

43. That on December 11, 2008, at approximately 10:51 p.m., Defendant MICHAEL PALAZZO falsely arrested the Plaintiff JIN HONG for causing his police car to crash for the purpose of sparing Defendant MICHAEL PALAZZO the embarrassment and financial liability of the crash caused by his wonton, reckless, and negligent conduct.

44. That on December 11, 2008, at approximately 10:51 p.m., Defendant MICHAEL PALAZZO falsely accused the Plaintiff JIN HONG of being the driver of a vehicle targeted in a police pursuit to blame the Plaintiff JIN HONG for causing the crash for the purpose of sparing Defendant NASSAU COUNTY POLICE DEPARTMENT the embarrassment and financial liability of the crash caused by the wonton, reckless, and negligent conduct, of its own employee Defendant MICHAEL PALAZZO.

45. That on December 11, 2008, at approximately 10:51 p.m. Defendant MICHAEL PALAZZO falsely accused the Plaintiff JIN HONG of being the driver of a vehicle targeted in a police pursuit to blame the Plaintiff JIN HONG for causing the crash for the purpose of sparing Defendant THE COUNTY OF NASSAU the embarrassment and financial liability of the crash caused by the wonton, reckless, and negligent conduct, of its own employee Defendant MICHAEL PALAZZO.

46.   That Defendant MICHAEL PALAZZO falsely accused the Plaintiff JIN HONG of causing a vehicle crash by leading him on a high speed vehicle pursuit, as part of an official policy, custom, or practice of Defendant NASSAU COUNTY POLICE DEPARTMENT, which caused the Plaintiff JIN HONG to be falsely seized, arrested, incarcerated, and deprived of her liberty, in violation of the rights guaranteed to her by the Fourth and Fourteenth Amendments of the United States Constitution.

47.   That on December 11, 2008, at approximately 10:55 p.m., Defendant MICHAEL PALAZZO used the radio issued to him by his employer, Defendant THE NASSAU COUNTY POLICE DEPARTMENT, to cause other Defendant police officers employed by Defendants NASSAU COUNTY POLICE DEPARTMENT and THE COUNTY OF NASSAU to arrive at the scene and aid, abet, and act in concert with Defendant MICHAEL PALAZZO, and each other, to deprive the Plaintiff JIN HONG of her civil and constitutional rights.

48.   That on December 11, 2008, at approximately 11:00 p.m., Defendant MICHAEL PALAZZO engaged in misconduct in falsely arresting the Plaintiff JIN HONG for the purpose of procuring false evidence against her.

49.   That on December 11, 2008, at approximately 11:00 p.m., Defendant MICHAEL PALAZZO did in fact procure false evidence from Plaintiff JIN HONG in that he created a notice of intent to use a statement made by a defendant, pursuant to section 710.30 of the New York Criminal Procedure Law, by falsely claiming Plaintiff JIN HONG made a statement during the encounter.

50.   That Defendant MICHAEL PALAZZO created the encounter in which to falsely claim Plaintiff JIN HONG made an inculpatory statement to him by falsely arresting her and

then falsely completing a notice of intent to offer statement evidence, thereby intentionally procuring false evidence by, through, and as a direct result of, his misconduct in falsely arresting Plaintiff JIN HONG.

51.     That Defendant MICHAEL PALAZZO did procure false evidence in the form of a statement which would implicate Plaintiff in the criminal conduct Defendant MICHAEL PALAZZO falsely claimed to have witnessed, thereby causing the Plaintiff JIN HONG to be deprived of her liberty as a direct result of the false evidence procured by Defendant MICHAEL PALAZZO's misconduct, in that Plaintiff JIN HONG was arrested based on this falsely obtained evidence.

52.     That Defendants JOHN DOES #1-10, representing as yet unknown and unidentified police officers, who are all police officers that were and are employed by Defendant NASSAU COUNTY POLICE DEPARTMENT, and were on duty in their capacity as representatives of Defendant THE COUNTY OF NASSAU, drove the vehicles issued to them by their Defendant NASSAU COUNTY POLICE DEPARTMENT to 182 Village Drive in response to a request made for assistance by Defendant MICHAEL PALAZZO.

53.     That on December 11, 2008, at approximately 11:05 p.m. Defendant MICHAEL PALAZZO caused other patrol cars containing Defendants JOHN DOES #1-10 to arrive on the premises of 182 Village Drive, Manhasset, New York.

54.     That on December 11, 2008, at approximately 11:05 p.m. Defendant MICHAEL PALAZZO falsely advised Defendants JOHN DOES #1-10 that he had crashed RMP 639 into a tree while engaged in a vehicle pursuit.

55.     That on December 11, 2008, at approximately 11:07 p.m., Defendant MICHAEL PALAZZO caused Defendants JOHN DOES #1-10 to enter the Plaintiffs' house with him

by advising them that they would be searching for a suspect Defendant MICHAEL PALAZZO was pursuing when he crashed his cruiser into a tree, who he observed enter the Plaintiffs' house, and who could be identified by wet clothes caused by the rain.

56.  That Defendants JOHN DOES #1-10 knew or should have known that Defendant MICHAEL PALAZZO was falsely claiming to have been involved in a vehicle pursuit, and that Defendant MICHAEL PALAZZO was falsely claiming that a person he was pursuing in a vehicle pursuit entered the Plaintiffs' house located at 182 Village Drive in Manhasset, New York  because the location where he crashed RMP 639 was not even in view of the Plaintiffs' house and Plaintiff JIN HONG was already standing outside of the home handcuffed, after being arrested as the suspect Defendant MICHAEL PALAZZO falsely claimed to have been pursuing.

57.  That on December 11, 2008, Defendant MICHAEL PALAZZO was not in fact involved in a vehicle pursuit at the time he crashed RMP 639 into a tree.

58.  That on December 11, 2008, at approximately 11:07 p.m., Defendant MICHAEL PALAZZO and Defendants JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, illegally, unlawfully, willfully, and without any warrant, consent, or justification, entered the house owned by Plaintiff JIN HONG and her husband Plaintiff YONG HUA DONG.

59.  That on December 11, 2008, at approximately 11:07 p.m., at 182 Village Drive Manhasset, New York, the Plaintiff YONG HUA DONG was asleep in the marital bedroom with one of his four-year-old sons.

60.  That on December 11, 2008, at approximately 11:09 p.m., at 182 Village Drive Manhasset, New York, Defendant MICHAEL PALAZZO entered the marital bedroom

and ordered Plaintiff YONG HUA DONG and his four-year-old son from the bed at gun point.

61.     That on December 11, 2008, at approximately 11:09 p.m., the Defendants, MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, intended to, and did, cause the Plaintiff YONG HUA DONG imminent apprehension of offensive bodily contact.

62.     That on December 11, 2008, at approximately 11:09 p.m., the Defendants, MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, intended to, and did, cause the Plaintiff YONG HUA DONG to suffer harmful or offensive bodily contact.

63.     That on December 11, 2008, at approximately 11:11 p.m., at 182 Village Drive Manhasset, New York, Defendant MICHAEL PALAZZO, entered the room where Plaintiff JIAMOU HONG was sleeping.

64.     That on December 11, 2008, at approximately 11:11 p.m. Defendant MICHAEL PALAZZO physically grabbed the Plaintiff JIAMOU HONG by the shoulder, ripped him from the bed, and screamed in his face.

65.     That on December 11, 2008, at approximately 11:11 p.m., the Defendants, MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, intended to, and did, cause the Plaintiff JIAMOU HONG imminent apprehension of offensive bodily contact.

66.     That on December 11, 2008, at approximately 11:11 p.m., the Defendants, MICHAEL PALAZZO and JOHN DOES #1-10, while acting in concert with each other, intended to,

14

and did, cause the Plaintiff JIAMOU HONG to suffer harmful or offensive bodily contact.

67.     That on December 11, 2008 at approximately 11:12 p.m. Defendants JOHN DOES #1-10 barged into a room where Plaintiff XIUZHEN GUO was sleeping with one of JIN HONG and YONG HUA DONG's twin four-year-old sons.

68.     That on December 11, 2008 at approximately 11:13 p.m. several of the Defendant JOHN DOES ordered XIUZHEN GUO and her grandson from the bed and ordered them to the hall where YONG HUA DONG and his son were already being forced to stand.

69.     That on December 11, 2008 at approximately 11:15 p.m. XIUZHEN GUO tried to tell Defendants JOHN DOES #1-10 that she could barely stand the pain in her weak arthritic knees but they ignored her.

70.     That on December 11, 2008, at approximately 11:15 p.m., the Defendants, MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, intended to, and did in fact, cause the Plaintiff XIUZHEN GUO imminent apprehension of offensive bodily contact.

71.     That on December 11, 2008, at approximately 11:15 p.m., Defendants, MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, intended to, and did in fact, cause the Plaintiff XIUZHEN GUO to suffer offensive bodily contact.

72.     That on December 11, 2008 at approximately 11:15 p.m. five of the JOHN DOES ransacked the room Plaintiff XIUZHEN GUO was sleeping in, went through drawers and cabinets, and touched every piece of clothing they could find.

73.     That on December 11, 2008, at approximately 11:15 p.m., Defendant MICHAEL

        PALAZZO instructed Plaintiff YONG HUA DONG to retrieve XIUZHEN GUO and

        JIAMOU HONG's immigration papers and then confiscated them.

74.     That on December 11, 2008 between approximately 11:10 p.m. and 11:45 p.m.,

        Defendants MICHAEL PALAZZO and Defendants JOHN DOES #1-10, while aiding

        and abetting each other and acting in concert with each other, through the threat of

        physical force, and under the color of state law, restricted Plaintiffs' XIUZHEN GUO,

        JIAMOU HONG, and YONG HUA DONG movement to a small hallway in their home

        and refused their repeated pleas to be allowed to move around and sit down to relieve the

        extreme pain caused by being forced to stand up without support for their weak and

        injured knees.

75.     That on December 11, 2008 between approximately 11:10 p.m. and 11:45 p.m., the

        Plaintiffs XIUZHEN GUO, JIAMOU HONG, and YONG HUA DONG never resisted or

        provoked Defendants MICHAEL PALAZZO or JOHN DOES #1-10, or provided them

        with any reason to believe there were weapons or dangerous weapons capable of injuring

        the officers in the house.

76.     That on December 11, 2008, at approximately 11:45 p.m., Defendants MICHAEL

        PALAZZO and JOHN DOES #1-10 walked back outside of the Plaintiffs' house and

        back into the driveway where Plaintiff JIN HONG remained handcuffed, in custody, and

        soaked from the pouring rain.

77.     That on December 11, 2008, at approximately 11:45 p.m. Defendant MICHAEL

        PALAZZO and one of the JOHN DOES, placed the Plaintiff JIN HONG into the JOHN

        DOE's marked police vehicle and transported her to the Sixth Precinct.

78.   That on December 12, 2008 at approximately 2:00 a.m., Defendant MICHAEL
      PALAZZO issued the Defendant JIN HONG uniform traffic tickets falsely charging the
      offenses of Reckless Driving (VTL § 1212), driving an a speed not reasonable and
      prudent (VTL § 1180(a)), two counts of Failure to Properly Signal (VTL § 1163(a)),
      Failure to Yield (VTL § 1143), and Driving a Vehicle Without Proper Headlights (VTL §
      375(2)(a)), and a Desk Appearance Ticket falsely charging her with Unlawfully Fleeing
      the Police in the Third Degree (N.Y. Penal Law § 270.25), a Class A misdemeanor.

79.   That the uniform traffic tickets and desk appearance tickets Defendant MICHAEL
      PALAZZO issued the Plaintiff JIN HONG all required her to appear for arraignment on
      December 26, 2008 in Nassau County First District Court.

80.   That on December 26, 2008 the Plaintiff JIN HONG appeared in court for arraignment
      and based on the false allegations submitted by Defendant MICHAEL PALAZZO, the
      prosecutor requested that bail be set in the amount of $1,500.

81.   That the Plaintiff JIN HONG entered a not guilty plea and was taken back into custody
      after the Honorable Andrea Phoenix raised the police bail by $500.

82.   That on December 26, 2008, at approximately 1:00 p.m. the Plaintiff JIN HONG was
      released from custody after a relative posted the bail.

83.   That on February 26, 2009, Defendant MICHAEL PALAZZO caused three (3) additional
      accusatory instruments he prepared and subscribed to be filed against Plaintiff JIN
      HONG, charging her with two counts of Failure to Signal (VTL 1163(a)) and Reckless
      Driving (VTL § 1212), all of which allegedly occurred at 10:45 p.m. on December 11,
      2008.

84. That on February 26, 2009, the Defendant MICHAEL PALAZZO commenced and continued the prosecution of these charges without probable cause to believe the action would succeed because he knew full well the Plaintiff JIN HONG did not commit the offenses charged in the accusatory instruments he filed.

85. That on February 26, 2009, the Defendant MICHAEL PALAZZO acted with actual malice when he filed additional false charges against the Plaintiff JIN HONG, falsely accusing her again of the exact same acts he already charged her with two months earlier.

86. That on March 9, 2009, Defendant MICHAEL PALAZZO caused three (3) additional accusatory instruments he prepared and subscribed to be filed against Plaintiff JIN HONG, falsely charging her with Failure to Yield (VTL § 1143), Driving at an Speed not Reasonable and Prudent (VTL § 1180(a)), and Driving without Proper Headlights (VTL § 375(2)(a)), all of which allegedly occurred at 10:45 p.m. on December 11, 2008.

87. That on March 9, 2009, Defendant MICHAEL PALAZZO commenced and continued this prosecution without probable cause to believe the prosecution could be sustained because he knew the Plaintiff JIN HONG did not commit any of these offenses.

88. That on March 9, 2009, Defendant MICHAEL PALAZZO commenced these actions and continued the prosecution with actual malice, falsely accusing her again in this third batch of charges of the exact same acts he already charged her with two and a half months earlier.

89. That on March 11, 2009 Plaintiffs JIN HONG, YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG served a Notice of Claim upon the County of Nassau stating their intent to seek damages for Defendants' conduct complained of herein.

90.     That on June 26, 2009, the Honorable Sondra K. Pardes granted the Plaintiff JIN

         HONG's motion to dismiss all accusatory instruments charging the VTL offenses.

91.     That the dismissal of all VTL offenses terminated the prosecution in favor of the Plaintiff

         JIN HONG, with respect to the six false charges contained in the uniform traffic tickets

         issued by Defendant MICHAEL PALAZZO on December 12, 2008, the three VTL

         offenses Defendant MICHAEL PALAZZO falsely charged Plaintiff JIN HONG with on

         February 26, 2009, and the three VTL offenses Defendant MICHAEL PALAZZO falsely

         charged Plaintiff JIN HONG with on March 9, 2009.

92.     That the sole remaining count of Unlawful Fleeing of a Police Officer is the subject of a

         pending motion to dismiss filed in Nassau County First District Court on February 19,

         2010.

93.     That as a result of the conduct described herein, the Plaintiff JIN HONG suffered

         damages as a result of the Defendants' conduct in that she has expended large sums of

         money defending herself against the false charges Defendants brought against her, has

         suffered violations of her civil and constitutional rights, damage to her reputation and

         good name, loss of standing in the community, panic attacks, mental anguish, emotional

         distress, inability to sleep, and certain mental disorders which have rendered her unable

         to work, in need of medical treatment, and unable to enjoy life, all of which caused her to

         lose her job, suffer physical manifestations from these ailments, and incur substantial

         monetary damages.

94.     That as a result of the Defendants' conduct described herein, Plaintiff YONG HUA

         DONG suffered violations of his civil and constitutional rights, and damages in that he is

         now unable to sleep, suffers from mental anguish, emotional distress, a loss of enjoyment

of life, physical manifestations from these ailments, has had to seek medical treatment, and will need to seek further medical treatment in the future, all of which caused him to incur substantial monetary damages.

95.     That as a result of the Defendants' conduct described herein, Plaintiff XIUZHEN GUO suffered violations of her civil and constitutional rights and other damages in that she is now unable to sleep, suffers from shock and mental anguish, emotional distress, has developed problems with her knees that did not exist prior to the Defendants' conduct, has suffered a loss of companionship through the deterioration of her husband's health as a result of Defendants' conduct, has had to seek medical treatment, will need to seek further medical treatment in the future, and has suffered physical manifestations from these ailments, all of which caused her to incur substantial monetary damages.

96.     That as a result of the Defendants' conduct described herein, Plaintiff JIAMOU HONG suffered violations of him civil and constitutional rights, and other damages in that he is now unable to sleep, suffers from shock and mental anguish, emotional distress, has developed problems with his knees that did not exist prior to Defendants' conduct, has suffered a loss of companionship through his inability to relate to his wife as a result of symptoms caused by Defendants' conduct, has had to seek medical treatment, will need to seek further medical treatment in the future, has seen his cancer progress far quicker than it otherwise would have but for the weakened state his body was left in as a result of Defendants' conduct, and has suffered physical manifestations from these ailments, all of which caused him to incur substantial monetary damages.

97.     That the conduct described herein and the resulting injuries to the Plaintiffs were caused solely by reason of the carelessness, negligence, intentional and negligent infliction of

emotional distress, actual malice, false arrest, and malicious prosecution on the part of the Defendants, their agents, agents, police officers, and employees, in violation of the Plaintiffs' civil and constitutional rights, and without any cause, provocation, or negligence on the part of the Plaintiffs contributing thereto.

98.     That by reason of the foregoing, Plaintiffs JIN HONG, YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG, have been damaged in an amount to be determined upon trial of this matter and/or in the sum of ONE MILLION ($1,000,000) DOLLARS.

### AS AND FOR A FIRST CAUSE OF ACTION – CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS (All Plaintiffs Against All Defendants)

99.     That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in paragraphs 1-98 of this complaint with the same force and effect as though fully set forth herein.

100.    That Prior to December 11, 2008, Defendants THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, MICHAEL PALAZZO, and JOHN DOES #1-10 developed and maintained policies or customs that exhibited a deliberate indifference to the constitutional rights of persons in the County of Nassau which caused the violations of the Plaintiffs' civil and constitutional rights.

101.    That it was the policy and/or custom of Defendants THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, MICHAEL PALAZZO, and JOHN DOES #1-10, to inadequately and improperly investigate citizen complaints of police misconduct, and the acts of misconduct were instead tolerated by the Defendants.

102.    That it was the policy and/or custom of Defendants THE COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT to inadequately supervise and train its

21

police officers, including Defendants MICHAEL PALAZZO, and JOHN DOES #1-10,

thereby failing to adequately discourage further constitutional violations on the part of

police officers.

103.    That as a result of the practices and customs described herein, police officers in THE

COUNTY OF NASSAU including those employed by Defendant NASSAU COUNTY

POLICE DEPARTMENT believed that their actions would not be properly monitored by

supervisory officers and that misconduct would not be investigated or sanctioned, but

would be tolerated.

104.    That the polices and customs described above demonstrate a deliberate indifference on

the part of policymakers of Defendants THE COUNTY OF NASSAU, NASSAU

COUNTY POLICE DEPARTMENT, MICHAEL PALAZZO, and JOHN DOES #1-10,

which were the cause of the violations of the Plaintiffs' civil and constitutional rights

alleged herein.

### AS AND FOR A SECOND CAUSE OF ACTION – CIVIL RIGHTS AND CONSTITUTIONAL VIOLATIONS
### (Jin Hong Against All Defendants)

105.    That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in

paragraphs 1-98 of this complaint with the same force and effect as though fully set forth

herein.

106.    That the Defendants MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and

abetting and acting in concert with each other, and under the color of state law, utilized

misconduct to procure false evidence against the Plaintiff JIN HONG, that the Plaintiff

JIN HONG suffered a deprivation of liberty through her initial arrest and being taken into

custody at arraignment, and that the deprivations of liberty Plaintiff JIN HONG suffered

22

by being taken into custody is a legally cognizable result of the Defendants' initial misconduct in falsely claiming to have witnessed Plaintiff JIN HONG commit crimes, that Plaintiff JIN HONG did not in fact commit, and which were never in fact even committed at all.

107.   That Defendants MICHAEL PALAZZO and JOHN DOES #1-10 are employed by, are representatives of, and were acting on behalf of Defendants THE COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, where the procurement and utilization of false evidence is a policy and custom, and which caused the Plaintiff JIN HONG to be denied the constitutional right to due process.

### AS AND FOR A THIRD CAUSE OF ACTION – STATE LAW ASSAULT
### (Jin Hong against all Defendants)

108.   That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in paragraphs 1-98 of this complaint with the same force and effect as though fully set forth herein.

109.   That Defendants MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, intended to cause Plaintiff JIN HONG imminent apprehension of harmful or offensive bodily contact, and did in fact cause Plaintiff JIN HONG imminent apprehension of harmful or offensive bodily contact when they approached her, arrested her, and kept her in custody on false charges, all of which they did without the consent of Plaintiff JIN HONG, without provocation, and with no lawful justification or privilege.

110.   That MICHAEL PALAZZO and JOHN DOES #1-10 assaulted Plaintiff JIN HONG while working for, as representatives of, with the express or implied consent of, at the

23

instruction of, and for the benefit of, their employers THE COUNTY OF NASSAU and

NASSAU COUNTY POLICE DEPARTMENT who are vicariously liable for the actions

of their employees.

### AS AND FOR A FOURTH CAUSE OF ACTION – STATE LAW ASSAULT
### (Yong Hua Dong, Xiuzhen Guo, and Jiamou Hong against all Defendants)

111.    That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in

paragraphs 1-98 of this complaint with the same force and effect as though fully set forth

herein.

112.    That Defendants MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and

abetting each other and acting in concert with each other, intended to cause Plaintiffs

YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG imminent apprehension of

harmful or offensive bodily contact, and did in fact cause Plaintiffs YONG HUA DONG,

XIUZHEN GUO, and JIAMOU HONG imminent apprehension of harmful or offensive

bodily contact when they barged into their home in the middle of the night, uninvited and

with no legal justification for being there, awoke them at gun point, and forced them from

their beds and into the hallway, all of which they did without the consent of Plaintiffs

YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG YONG, without

provocation, and with no lawful justification or purpose.

113.    That MICHAEL PALAZZO and JOHN DOES #1-10 assaulted Plaintiffs YONG HUA

DONG, XIUZHEN GUO, and JIAMOU HONG YONG, while working for, as

representatives of, with the express or implied consent of, at the instruction of, and for the

benefit of, their employers THE COUNTY OF NASSAU and NASSAU COUNTY

POLICE DEPARTMENT who are vicariously liable for the actions of their employees.

24

## AS AND FOR A FIFTH CAUSE OF ACTION – STATE LAW BATTERY
### (Jin Hong against all Defendants)

114.    That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in

paragraphs 1-98 of this complaint with the same force and effect as though fully set forth

herein.

115.    That Defendants MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and

abetting each other and acting in concert with each other, intended to cause Plaintiff JIN

HONG harmful or offensive bodily contact, and did in fact cause Plaintiff JIN HONG to

suffer harmful or offensive bodily contact, by physically handcuffing her with the intent

to falsely arrest her, all of which they did without the consent of Plaintiff JIN HONG,

without provocation, and with no lawful justification or purpose.

116.    That MICHAEL PALAZZO and JOHN DOES #1-10 battered Plaintiff JIN HONG, while

working for, as representatives of, with the express or implied consent of, at the

instruction of, and for the benefit of, their employers THE COUNTY OF NASSAU and

NASSAU COUNTY POLICE DEPARTMENT who are vicariously liable for the actions

of their employees.

## AS AND FOR A SIXTH CAUSE OF ACTION – STATE LAW BATTERY
### (Yong Hua Dong, Xiuzhen Guo, and Jiamou Hong against all Defendants)

117.    That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in

paragraphs 1-98 of this complaint with the same force and effect as though fully set forth

herein.

118.    That Defendants MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and

abetting each other and acting in concert with each other, intended to cause Plaintiffs

YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG JIN HONG harmful or

offensive bodily contact, and did in fact cause Plaintiffs YONG HUA DONG, XIUZHEN

GUO, and JIAMOU HONG to suffer harmful or offensive bodily contact, by physically

removing them from their beds when they entered the Plaintiffs' home uninvited, all of

which they did without the consent of Plaintiffs YONG HUA DONG, XIUZHEN GUO,

and JIAMOU HONG, without provocation, and with no lawful justification or purpose.

119.    That MICHAEL PALAZZO and JOHN DOES #1-10 battered Plaintiffs YONG HUA

DONG, XIUZHEN GUO, and JIAMOU HONG YONG, while working for, as

representatives of, with the express or implied consent of, at the instruction of, and for the

benefit of, their employers THE COUNTY OF NASSAU and NASSAU COUNTY

POLICE DEPARTMENT who are vicariously liable for the actions of their employees.

## AS AND FOR A SEVENTH CAUSE OF ACTION – STATE LAW FALSE ARREST
### (Jin Hong against all Defendants)

120.    That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in

paragraphs 1-98 of this complaint with the same force and effect as though fully set forth

herein.

121.    That the Defendants MICHAEL PALAZZO and JOHN DOES #1-10 intended to confine

Plaintiff JIN HONG, Plaintiff JIN HONG was conscious of her confinement, Plaintiff

JIN HONG did not consent to being confined, and the confinement of Plaintiff JIN

HONG by Defendants MICHAEL PALAZZO and JOHN DOES #1-10 was not

privileged.

122.    That MICHAEL PALAZZO and JOHN DOES #1-10 falsely arrested Plaintiff JIN

HONG while working for, as representatives of, with the express or implied consent of,

on the instruction of, and for the intended benefit of, their employers THE COUNTY OF

26

NASSAU and NASSAU COUNTY POLICE DEPARTMENT who are vicariously liable for the actions of their employees.

## AS AND FOR A EIGHTH CAUSE OF ACTION – STATE LAW MALICIOUS PROSECUTION
### (Jin Hong against All Defendants)

123. That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in paragraphs 1-98 of this complaint with the same force and effect as though fully set forth herein.

124. That the Defendant MICHAEL PALAZZO, while acting in concert with JOHN DOES #1-10, commenced and continued a criminal prosecution against the Plaintiff JIN HONG by drafting and subscribing several accusatory instruments which he caused to be successively filed, charging Plaintiff JIN HONG with criminal offenses under the VTL, which he knew lacked the probable cause to succeed, which he acted with actual malice in causing each to be filed, and which were terminated in favor of the Plaintiff JIN HONG.

125. That MICHAEL PALAZZO and JOHN DOES #1-10 maliciously prosecuted Plaintiff JIN HONG while working for, as representatives of, with the express or implied consent of, on the instruction of, and for the intended benefit of, their employers THE COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT who are vicariously liable for the actions of their employees.

## AS AND FOR A NINTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Plaintiffs against All Defendants)

126.   That the Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in paragraphs 1-98 of this complaint with the same force and effect as though fully set forth herein.

127.   That the Defendants MICHAEL PALAZZO and JOHN DOES #1-10, while aiding and abetting each other and acting in concert with each other, intentionally inflicted emotional distress on the Plaintiffs JIN HONG, YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG, by engaging in extreme and outrageous conduct in approaching each of them on their own property at gunpoint and in the middle of the night, entering their house without permission or lawful basis, tearing them from their beds while screaming at them, ransacking their house for no valid reason, screaming obscenities at and falsely arresting Plaintiff JIN HONG, causing the Plaintiffs severe and debilitating distress which caused physical symptoms to manifest in each Plaintiff.

128.   That Defendant MICHAEL PALAZZO and JOHN DOES #1-10 intentionally inflicted extreme emotional distress upon Plaintiffs JIN HONG, YONG HUA DONG, XIUZHEN GUO, and JIAMOU HONG while working for, as representatives of, with the express or implied consent of, on the instruction of, and for the intended benefit of, their employers THE COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT who are vicariously liable for the actions of their employees.

WHEREFORE Plaintiffs demand judgment in the amount of ONE MILLION ($1,000,000) DOLLARS in compensatory damages and of ONE MILLION ($1,000,000)

DOLLARS in punitive damages on the third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action, and of ONE MILLION ($1,000,000) DOLLARS in compensatory damages on the first and second causes of action, together with attorneys' fees, the costs and disbursements of bringing this action, and any other relief the Court deems just and proper.

Dated:  Hempstead, New York
       March 11, 2010

Respectfully Submitted,

SHARIFOV & RUSSELL, LLP

By: Eric A. Pack
Attorneys for the Plaintiffs
50 Main Street
Hempstead, New York 11550
(516) 505-2300